IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| BENTON W. PAMPLIN, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 4:01-cv-68 |
| THE CITY OF SHELBYVILLE, TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## MEMORANDUM OPINION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and assorted supplemental state law claims. Plaintiff Benton Pamplin claims that he was the victim of excessive force, an unlawful arrest, and malicious prosecution at the hands of former Shelbyville police officer Erik Ely. Currently pending is the supplemental motion for summary judgment of defendants City of Shelbyville and Shelbyville Police Department [Court File #78]. For the reasons that follow, the motion will be granted.

I.

*Factual Allegations*

The following factual allegations are taken in the light most favorable to the plaintiff.

On July 7, 2000, the Bedford County Chancery Court entered an order decreeing that a home known as the Lovelady residence was to be sold and the premises vacated on or before July 7, 2000. Plaintiff Benton Pamplin lives in a residence next to the Lovelady premises and is related to them.

On the morning of July 15, 2000, a woman named Teresa Brown, who had been sent to clean the Lovelady residence, called Bedford County 911 and reported that neighbors were harassing her and requested officers to come to the scene. Officers from the Bedford County Sheriff's Department responded as did defendant Officer Ely and his partner, who were officers of the Shelbyville Police Department. Ultimately, Officer Ely had a physical altercation with Pamplin, Mrs. Lovelady and another of her relatives, which took place inside Pamplin's house. Pamplin, Lovelady and another individual were arrested following this altercation and charged with trespassing, assaulting an officer, and resisting arrest. On October 9,

2

2001, Pamplin was found guilty after a jury trial of assault and resisting arrest. That conviction was reversed on appeal.

In this lawsuit, plaintiff claims that Officer Ely used excessive force in carrying out Pamplin's arrest, which he claims was made without probable cause. He also claims that he was subject to false arrest and malicious prosecution. Pamplin contends that the alleged use of excessive force by Officer Ely and the false arrest were the result of the customs or policies of the City of Shelbyville, which resulted in violations of his constitutional rights. In response to the motion for summary judgment, plaintiff identifies two purported customs or policies which he says proximately caused the constitutional violations:

> (1) the policy of the City of not adequately drug testing its officers to weed out those officers with a propensity for violence based on their propensity to take steroids and other drugs; and
>
> (2) the custom or policy of the City to allow its officers to follow the directives of the County without proper supervision.

II.

*Summary Judgment Standards*

Pursuant to Rule 56, summary judgment shall be rendered when requested if the pleadings, depositions, answers to interrogatories, and admissions

3

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. Summary judgment is intended to provide a quick, inexpensive means of resolving issues as to which there is no dispute regarding the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In assessing the validity of a summary judgment motion, the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which the party will bear the burden of proof at trial. *Catrett*, 477 U.S. at 322.

## III.

*The Shelbyville Police Department as a Defendant*

Plaintiff concedes that the Shelbyville Police Department is not a suable entity under 42 U.S.C. § 1983. Accordingly, its motion for summary judgment will be granted.

## IV.

*Municipal Liability*

A city cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one of its police officers. The doctrine of *respondeat superior* does not apply to governmental entities. *Board of County Commissioners of Bryan College v. Brown*, 520 U.S. 387, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Plaintiff is required to demonstrate that the City of Shelbyville, through its deliberate conduct, was the "moving force" behind the alleged deprivation of Benton Pamplin's rights secured under the Constitution of the United States. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). A custom must "be so permanent and well settled as to constitute a custom

5

or usage with the force of law." *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 695 (1978). It must reflect a course of action deliberately chosen by the city from among various alternatives. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Plaintiff must also show that there is a direct causal link between a city policy or custom and the deprivation of plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989). This causation element is necessary to avoid imposing *de facto respondeat superior* liability on the city under 42 U.S.C. § 1983, which is prohibited by *Monell* and its progeny. *Claiborne County, Tn,* 103 F.3d 495, 507 (6th Cir. 1996).

With respect to drug testing, plaintiff claims that the City of Shelbyville failed to adequately drug test its officers and as a result Officer Ely, who plaintiff contends was violent because of his use of steroids, inflicted physical injuries on the plaintiff. It is true that two years after the incident Officer Ely was treated and later removed from the force for drug abuse, including steroid abuse. However, the evidence is undisputed that a random drug testing policy was in effect at the time of the incident upon which this lawsuit is based and Ely never showed evidence of substance abuse on any test prior to or after the alleged use of excessive force on the plaintiff. Nor has the plaintiff presented any evidence upon which a reasonable

6

jury could conclude that Officer Ely's supervisors knew or had reason to know that Ely was a drug abuser who presented a safety problem to the public.

Plaintiff's second claim is that the City followed a custom or policy of allowing its officers to follow orders issued by the Sheriff's Department or County without supervision. In this case, the order to vacate the Lovelady premises had been entered by a county judge. However, the evidence is undisputed that Officer Ely, in going to the Lovelady premises and subsequently the plaintiff's premises, was only following the directives of his own superiors issued to him through the Police Department's dispatcher. That the order to vacate the premises was issued by a county judge rather than a city judge is simply irrelevant. Nor is there any evidence upon which a reasonable jury could conclude that a custom or policy of the City of Shelbyville with regard to carrying out Bedford County orders may have proximately caused a violation of plaintiff's constitutional rights.

In his complaint, plaintiff alleges that the County failed to adequately train Officer Ely. However, in response to the motion for summary judgment, plaintiff now concedes that no issue remains with respect to Officer Ely's training. In addition, plaintiff concedes that punitive damages are not recoverable from the City. Accordingly, those claims will also be dismissed.

7

IV.

*Plaintiff's Supplemental State Law Claims*

The Tennessee Governmental Tort Liability Act (GTLA) provides that a governmental entity retains its immunity from suit under the Act if the injury alleged by the plaintiff

> arises out of:
>
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights.

T.C.A. § 29-20-205(2). Thus, it is explicitly clear that the City is immune from all of plaintiff's state law claims except for the assault and battery charge. In *Rhodes v. City of Chattanooga*, No. 1:04-cv-045, 2005 WL 2647921 (E.D.TN Oct. 14, 2005), Judge Edgar of this district concluded that a similar assault claim was fundamentally a civil rights claim for which the City was immune under the GTLA. *Rhodes* at 8-9. The undersigned agrees with the analysis of Judge Edgar. However, the court declines to exercise its supplemental jurisdiction over the assault and battery claim since the claim raises a novel or complex issue of state law and the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1567(c)(1); (3).

8

## V.

*Conclusion*

In light of the foregoing, the motion for summary judgment of the City of Shelbyville and the Shelbyville Police Department [Court File #78] will be granted and this matter dismissed with respect to those defendants.

Order accordingly.

                                                **s/ James H. Jarvis**
                                            UNITED STATES DISTRICT JUDGE